UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

LARRY C. MONTES and
SUSIE L. MONTES,

No. 14-13043-tl13

Debtors.

**MEMORANDUM OPINION**

Before the Court is the Chapter 13 trustee's motion to dismiss this case because the debtors also have a pending Chapter 7 case. The trustee contends such simultaneous bankruptcy cases are prohibited. She argues in the alternative that the case should be dismissed on bad faith grounds. The Debtors counter that having two cases pending at the same time is not necessarily *verboten* and should be allowed in this case. For the reasons set forth below the Court will deny the motion, subject to certain conditions.

I. FACTS

The Court finds the following facts:[1]

Debtors filed their first case on January 17, 2013, no. 13-10123-jl7 (the "Chapter 7 Case"). In addition to fairly typical household furnishings, clothing, and cars (all exempt), the Debtors scheduled two parcels of real property. The first is their house, with a street address of 2325 Rosedale Drive, Las Cruces, NM 88005 (the "Residence"). The other is a commercial

---

[1] In making these findings, the Court took judicial notice of the dockets of this case and the Debtor's pending Chapter 7 case, no. 13-10123-jl7 (the "Chapter 7 Case"). *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir.1979) (holding that a court may, sua sponte, take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir.1999) (citing Fed.R.Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket"); *In re Quade*, 496 B.R. 520, 524 (Bankr.N.D.Ill.2013), *affirmed*, 498 B.R. 852 (N.D. Ill. 2013) (a "bankruptcy court [is authorized] ... to take judicial notice of its own docket").

building near Las Cruces, New Mexico with a street address of 601 Thorpe Road, Dona Ana, New Mexico (the "Commercial Property").

According to the Debtors' schedules filed in this case, the Residence is encumbered by a $71,150 first mortgage, a $39,700 second mortgage, and a small property tax lien. The Debtors estimate the Residence is worth $144,000.

Also according to their schedules in this case, the Commercial Property, estimated to be worth $163,000, is encumbered by mortgage of about $60,500 and a $11,700 property tax lien. In his most recent interim report the chapter 7 trustee estimated that the Commercial Property was worth $159,000.

Both properties are subject to a $16,600 IRS lien and a $4,500 New Mexico Taxation and Revenue Department ("TRD") lien.

For reasons unknown to this Court, the Chapter 7 trustee has not yet sold the Commercial Property. In his last interim report, the Chapter 7 trustee showed that the Commercial Property was the only remaining assets to be liquidated, and estimated that he would realize about $69,700 after payment of all liens, exemptions, and other costs. That estimate appears to include full payment of the IRS and TRD tax liens.

The Court[2] entered an order granting the Debtors a discharge in the Chapter 7 Case on May 6, 2013. On July 1, 2013, the Debtor, the case trustee, and Bank of the West ("BOTW") agreed to a stipulated order under which the trustee abandoned the Residence from the Chapter 7 estate.

In 2014 BOTW filed an action to foreclose its junior lien on the Residence. The foreclosure action apparently prompted this Chapter 13 case, filed October 13, 2014.

---

[2] Hon. Robert H. Jacobvitz.

The Debtor's bankruptcy schedules disclose assets and liabilities similar to those in the Chapter 7 Case. The main difference is that the second set reflects the Chapter 7 discharge of the Debtor's general unsecured debts.[3] The Residence and the Commercial Property are scheduled in each case, as are Debtor's vehicles, life insurance policy, clothing, furniture, and similar exempt personal property.[4]

Shortly after commencing this case the Debtors filed a motion in the Chapter 7 Case to compel abandonment of the Commercial Property, arguing that the Chapter 7 trustee had dragged his feet too long trying to sell the property. On February 4, 2015, however, the Debtors apparently gave up and signed a stipulated order denying the abandonment motion.

At the final hearing on the Chapter 13 trustee's motion to dismiss, Debtors stated that if their abandonment effort failed (which it has), they would seek to convert this case to Chapter 11 and attempt to modify the payment terms for the mortgage loans on the Residence.[5] To date, no motion to convert has been filed.

## II. DISCUSSION

A. <u>Sequential Cases</u>. A common form of multiple bankruptcy filing is the so-called "serial Chapter 20," in which a Chapter 7 case is followed, after closure, by a Chapter 13 case. Typically, serial Chapter 20s are filed if the debtor has too much debt to qualify as a Chapter 13 debtor, *see, e.g., In re Frazier*, 448 B.R. 803, 807 (Bankr. E.D. Cal. 2011), *affirmed*, 469 B.R.

---

[3] Each of the general unsecured creditors in this case is shown as having an "unknown" claim amount.

[4] The Debtors' claimed exemptions on personal property were not objected to in either case, and the deadline to object has passed, so the property is not property of either estate. *See In re Bucchino*, 439 B.R. 761, 770-71 (Bankr. D.N.M. 2010) (citing *Schwab v. Reilly,* 560 U.S. 770, 775 (2010)).

[5] Debtors represented that their monthly fixed income is insufficient to service the home mortgages and catch up the arrearages, so they must modify the repayment terms to avoid foreclosure. No such modification is possible in a Chapter 13 case. *See* 11 U.S.C. § 1322(b)(2).

-3-
Case 14-13043-t13    Doc 41    Filed 02/25/15    Entered 02/25/15 14:13:33 Page 3 of 12

889 (E.D. Cal. 2012), or else has nondischargeable or secured debt she wishes to pay through a Chapter 13 plan, without dilutive payments to general unsecured creditors. *See In re Metz*, 67 B.R. 462, 465 (9th Cir. BAP 1986), *affirmed*, 820 F.2d 1495 (9th Cir. 1987) (discussing reasons debtors elect Chapter 20 treatment); *In re Edwards,* 87 B.R. 671, 674 (Bankr. W.D. Okla. 1988) (same, citing *Metz*). *See also* Lex A. Coleman, *Individual Consumer "Chapter 20" Cases After* Johnson: *An Introduction to Nonbusiness Serial Filings under Chapter 7 and Chapter 13 of the Bankruptcy Code,* 9 BANKR. DEV. J. 357 (1992).

The United States Supreme Court has held that the Bankruptcy Code does not prohibit serial Chapter 20 cases. In *Johnson v. Home State Bank,* 501 U.S. 78 (1991), a unanimous Court ruled:

> Congress has expressly prohibited various forms of serial filings. See, *e.g.,* 11 U.S.C. § 109(g) (no filings within 180 days of dismissal); § 727(a)(8) (no Chapter 7 filing within six years of a Chapter 7 or Chapter 11 filing); § 727(a)(9) (limitation on Chapter 7 filing within six years of Chapter 12 or Chapter 13 filing). The absence of a like prohibition on serial filings of Chapter 7 and Chapter 13 petitions, combined with the evident care with which Congress fashioned these express prohibitions, convinces us that Congress did not intend categorically to foreclose the benefit of Chapter 13 reorganization to a debtor who previously has filed for Chapter 7 relief.

501 U.S. at 87. *See also In re Lord*, 295 B.R. 16, 18, n. 1 (Bankr. E.D.N.Y 2003). (courts are in agreement that 'serial Chapter 20' filings are not *per se* invalid). *See generally Mason v. Young (In re Young)*, 237 F.3d 1168 (10th Cir. 2001) (discussing in general the Chapter 20 concept and citing *Johnson*); Coleman, *supra*, at 357.

B.  Simultaneous Cases. *Johnson* dealt with the filing of a Chapter 13 case after closure of an earlier Chapter 7 case. The rule is less clear where (as here) the debtors file a Chapter 13 case while their earlier Chapter 7 case is still open.

1. <u>The Issue is Not Addressed by Statute or Rule</u>. As was the case in *Johnson,* there is nothing in the Bankruptcy Code expressly prohibiting simultaneous bankruptcy cases. *See In re Lord,* 295 B.R. at 17 ("Although there is no statutory prohibition against maintaining two bankruptcy cases at the same time under separate chapters of the Bankruptcy Code, there is likewise no statutory permission to do so"); *In re Cowan*, 235 B.R. 912, 915–16 (Bankr. W.D. Mo. 1999) (no statutory prohibition against having two bankruptcy cases pending at the same time).

Debtors argue that Bankruptcy Rule 1015(a) permits simultaneous cases. The rule states "If two or more petitions by, regarding, or against the same debtor are pending in the same court, the court may order consolidation of the cases." Fed. R. Bankr. P. 1015(a). However, the Advisory Committee's Notes to Rule 1015(a) state that it applies "when the same debtor is named in both voluntary and involuntary petitions, when husband and wife have filed a joint petition . . ., when two or more involuntary petitions are filed against the same debtor. . . . [and] when cases are pending in the same court by virtue of transfer . . . ." *See also In re Kosenka*, 104 B.R. 40, 42–43 (Bankr. N.D. Ind. 1989) ("A reading of Rule 1015(a) shows that the rule does not address the filing of two or more petitions under different chapters by the same entity. . . ."). The rule provides no guidance on the issue before the Court.

2. <u>Simultaneous Cases Are Prohibited Before Discharge Entered in the First Case</u>. Despite the lack of statutory or rule guidance, there is little dispute in the case law that a debtor may not file a second bankruptcy case before entry of the discharge order in the first case. For example, in *Davis v. Mather (In re Davis)*, 239 B.R. 573 (10th Cir. BAP 1999), the court stated:

> We note that the Debtor filed his Chapter 13 petition after he received his Chapter 7 discharge but before the Chapter 7 proceedings were closed. A debtor who has

been granted a discharge under one chapter under Title 11 may file a subsequent petition under another chapter even though the first case remains open, as long as the debtor meets the requirements for filing the second petition. *Grimes v. United States (In re Grimes)*, 117 B.R. 531, 536 (9th Cir. BAP 1990).

239 B.R. at 575, n. 2. *See also Turner v. Citizens Nat'l Bank of Hammond (In re Turner)*, 207 B.R. 373, 378 (2d Cir. BAP 1997) ("there is universal agreement among [the courts] that where a debtor files for chapter 7 relief and then files for protection under chapter 13 *before* receiving a discharge in the original chapter 7 case, that the chapter 13 case is a nullity. . . .") (emphasis in original); *In re Hodurski*, 156 B.R. 353 (Bankr. D. Mass. 1993) (second filing prohibited before entry of discharge in the first case); *Kosenka,* 104 B.R. at 46–47 (citing cases that emphasize the importance of the discharge in the first case); *Assocs. Fin'l Servs. Corp. v. Cowen (In re Cowen)*, 29 B.R. 888, 894–95 (Bankr. S.D. Ohio 1983) (dismissing the second case because, inter alia, it was filed before entry of the discharge in the first case); *Transamerica Credit Corp. v. Bullock (In re Bullock)*, 206 B.R. 389 (Bankr. E.D. Va. 1997) (second filing permitted when discharge in first case was entered shortly after the second case was filed); *In re Arellano,* 363 B.R. 611, 612 (Bankr. D.N.M. 2007) (citing *Davis* with approval).

    3.  <u>Debtors Cannot Treat the Same Debt in Simultaneous Cases</u>.  Similarly, courts are united in the view that a debtor may not seek to treat the same debt in two pending bankruptcy cases. The seminal case for this proposition is *Freshman v. Atkins*, 269 U.S. 121 (1925). In *Atkins* the Supreme Court held:

> A proceeding in bankruptcy has for one of its objects the discharge of the bankrupt from his debts. In voluntary proceedings, as both of these were, that is the primary object. Denial of a discharge from the debts provable, or failure to apply for it within the statutory time, bars an application under a second proceeding for discharge from the same debts . . . . A proceeding in bankruptcy has the characteristics of a suit, and since the denial of a discharge, or failure to apply for it, in a former proceeding, is available as a bar, by analogy the pendency

-6-
Case 14-13043-t13    Doc 41    Filed 02/25/15    Entered 02/25/15 14:13:33 Page 6 of 12

>of a prior application for discharge is available in abatement as in the nature of a prior suit pending, in accordance with the general rule that the law will not tolerate two suits at the same time for the same cause.

269 U.S. at 122–23. *Atkins* is widely understood as prohibiting simultaneous bankruptcy cases involving the same debts. *See In re Sidebottom*, 430 F.3d 893 (7th Cir. 2005) ("there is general agreement that a debtor may not maintain two or more concurrent actions with respect to the same debts"); *In re Brown*, 399 B.R. 162, 170 (Bankr. W.D. Va. 2009) (debtor's second, concurrent bankruptcy case was dismissed because, inter alia, it attempted to deal with the same debt as his first case); *In re Wilson*, 390 B.R. 899 (Bankr. N.D. Ind. 2008) ("[the law] clearly prohibits a debtor from having two cases pending at the same time when those cases have debts in common"); *In re Myers*, 2007 WL 2428694, at *6 (Bankr. E.D. Pa. 2007) ("Although the courts have differed with respect to the permissibility of these 'simultaneous Chapter 20' cases, there is general agreement that a debtor may not maintain two or more concurrent actions with respect to the same debts"); *In re Jackson*, 108 B.R. 251, 252 (Bankr. E.D. Cal. 1989) ("once a bankruptcy case is filed, a second case which affects the same debt cannot be maintained").

    4. <u>A Split in Authority If the Above Criteria Are Met</u>.

If the discharge in the first case has been entered and the debtor is not seeking to treat the same debt in both cases, courts are divided on whether the second case may proceed.

      a. *<u>Per Se</u> Prohibited*. Some courts have ruled that, even if the discharge has been entered in the first case and there is no overlap of debts, simultaneous bankruptcy cases simply cannot be allowed. *See, e.g., In re Lord*, 295 B.R. at 19-21 (barring a debtor from filing a Chapter 13 proceeding before the Chapter 7 case is closed even if the debtor has already received a discharge in the Chapter 7 case); *In re Bodine*, 113 B.R. 134, 136 (Bankr. W.D.N.Y. 1990) (same); *In re Fulks*, 93 B.R. 274, 275–76 (Bankr. M.D. Fla. 1988) (same); *In re*

*Smith,* 85 B.R. 872 (Bankr. W.D. Okla. 1988); *In re Heywood*, 39 B.R. 910, 911 (Bankr. W.D.N.Y. 1984) ("It is plain that simultaneous petitions in bankruptcy are not allowed"); *In re Cowen*, 29 B.R. at 894 ("the filing of two simultaneous petitions is contrary to the obvious contemplated function of the Bankruptcy Code to resolve debtors' financial affairs by administration of a debtor's property as a single estate under a single Chapter within the Code").

A common theme in these cases is the "single estate" rule, i.e. that resolution of a debtor's affairs should be done by administration of his property as a single estate under a single Chapter within the Code. *In re Cowen,* 29 B.R. at 894. As observed in *Bullock*, however, the single estate rule "has no foundation in either the language or the legislative history of the Code. In fact, the rule represents nothing more than a practical, judicial choice among competing philosophies in the face of a void left by Congress." 206 B.R. at 393.

        b.        <u>Not *Per Se* Prohibited.</u>  Other courts have declined to adopt a *per se* rule if the discharge was entered in the first case and the debts do not overlap. *See Jim Walter Homes, Inc. v. Saylors (In re Saylors)*, 869 F.2d 1434, 1437 (11th Cir. 1989) ("A *per se* rule barring the filing of a chapter 13 petition . . . would conflict with the purpose of Congress in adopting and designing chapter 13 plans."); *Davis*, 239 B.R. at 575; *In re Sanford*, 403 B.R. 831, 842 (Bankr. D. Nev. 2009) ("After *Johnson,* it is beyond dispute that the Bankruptcy Code does not prohibit filing of a second case while an earlier case is pending."); *Arellano*, 363 B.R. at 613; *Cowan*, 235 B.R. at 918; *Bullock*, 206 B.R. at 393; *Norwalk Savings Soc'y v. Peia (In re Peia)*, 204 B.R. 310, 313 (Bankr. D. Conn. 1996); *In re Studio Five Clothing Stores Inc.*, 192 B.R. 998, 1008 (Bankr. C.D. Cal. 1996); *Hodurski*, 156 B.R. at 353; *In re Cormier*, 147 B.R. 285, 288 (Bankr. D. Me. 1992); *Putnam Trust Co. of Greenwich v. Frenz (In re Frenz)*, 142 B.R. 611, 614 n. 2 (Bankr. D. Conn. 1997) (citing cases); *Grimes*, 117 B.R. at 536; *Kosenka*, 104 B.R. at 47;

*Helbock v. Strause (In re Strause)*, 97 B.R. 22, 29 (Bankr. S.D. Cal. 1989).

     c. <u>Scrutiny for Abuse or Bad Faith</u>.  Even if not prohibited outright, the second case is scrutinized carefully to ensure it does not constitute an abuse of the bankruptcy process or a "bad faith" filing."  *See Sanford*, 403 B.R. at 842 ("When a debtor files a second successive case, the court must examine all of the filings together and consider 'the result achieved by such filings reviewed against the statutory requirements.'"); *Hodurski*, 156 B.R. at 356 (commencement of a Chapter 13 case during the pendency of the Chapter 7 case may be indicative of bad faith, which the court must review and determine);  *Kosenka*, 104 B.R. at 51 (court would review good faith issues raised by simultaneous Chapter 13 filing).  *See generally Johnson*, 501 U.S. at 88 ("[T]he bankruptcy court retains its broad equitable power to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code.]'") (citing 11 U.S.C. § 105(a)).

  Typically, the good faith/abusive filing review occurs when the Chapter 13 plan is up for confirmation or a stay relief motion is filed.  *Hodurski*, 156 B.R. at 356; *Kosenka*, 104 B.R. at 51; *Frenz*, 142 B.R. at 614 ("[A]s a general proposition the bona fides of a filing should await the confirmation process.")

  C. <u>Holding</u>.  The Court finds the reasoning of the "no *per se* prohibition" cases more persuasive.  The Supreme Court, in *Johnson* and more recently is *Law v. Siegel,* 134 S. Ct. 1188 (2014), cautions against straying too far from the Code language, whether in the name of "good faith," equity, or something else.  It seems more than sufficient to prohibit simultaneous cases when the discharge in the first case has not been entered (a rule that is not based on Code language) or if the cases attempt to treat the same debts (again, not based on Code language, but rather on the Supreme Court's holding in *Atkins*).  There are plenty of Code-based ways to

protect creditors and the integrity of the bankruptcy system if need be. The Court therefore holds that if the discharge has been entered in the first case, and if the debts in the two cases do not overlap, then there is no *per se* prohibition against filing a Chapter 13 case before a prior Chapter 7 case has been closed. In the event either condition is not satisfied, the second case must be dismissed. Even if not facially prohibited, simultaneous cases should be the exception rather than the rule, and must be reviewed carefully to ensure that the second filing complies with the letter and spirit of the Bankruptcy Code.

Here, Debtors filed this case more than a year after the discharge order was entered in the Chapter 7 Case. Furthermore, it appears that the Chapter 7 Case will deal with Debtors' general unsecured debts, their IRS and TRD tax liens, and their mortgage debt and property tax lien on the Commercial Property. This case, on the other hand, would address the two mortgages and property tax lien on the Residence. There would not be any overlap in claims or claim treatment.[6]

In addition, it appears that this case was filed in a good faith attempt to "save the house," rather than to hinder creditors. The Residence may have substantial equity, which means that the mortgage lenders should be paid in full, with interest. This case does not seem to be one where the automatic stay is being used to delay creditors with no hope of reorganization. *Cf. In re Brown*, 399 B.R. at 170 (dismissing second case because it was filed for the sole purpose of staying foreclosure).

---

[6] BOTW, which holds a junior lien on the Residence, filed a proof of claim in the Chapter 7 Case. Because BOTW's claim was filed as fully secured, by property that has been abandoned from the Chapter 7 estate, BOTW will not participate in any dividend to unsecured creditors in the Chapter 7 Case, and must look solely to this case for payment. The first mortgage holder did not file a claim in the Chapter 7 Case.

-10-
Case 14-13043-t13    Doc 41    Filed 02/25/15    Entered 02/25/15 14:13:33 Page 10 of 12

Finally, Debtors retained new counsel to file this case, who stated at the final hearing on the motion to dismiss that, had he been counsel when the first case was filed, he would have filed a Chapter 11 or 13 case. The Court has no reason to doubt this statement.

As stated above, the Debtors told the Court that they would seek to convert this case to Chapter 11 if they were unable to regain control over the Commercial Property. The Debtors therefore should either file a motion to convert to Chapter 11 or (if their intent has changed) file an amended Chapter 13 plan and work diligently toward confirmation.

### III. CONCLUSION

The discharge was entered in the Chapter 7 Case well before this case was filed, and the debts at issue in the two cases are separate. There is, therefore, nothing *per se* wrong about the filing of this case. Any issues about an abusive filing or "bad faith" can be dealt with in connection with plan confirmation or stay relief.

The Court will enter a separate order denying the Chapter 13 trustee's motion to dismiss, so long as the Debtors, within the next 10 days, either file an amended Chapter 13 plan or a motion to convert to Chapter 11. The Debtors also should amend their Schedule A to indicate that the Commercial Property is in the bankruptcy estate in the Chapter 7 Case.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: February 25, 2015

Copies to:

Kelley L. Skehen
625 Silver Avenue SW
Albuquerque, NM 87102

R. Trey Arvizu, III
P.O. Box 1479
Las Cruces, NM 88004